UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
COURT FILE NO.: CV - _____

| | |
|---|---|
| TONYA M. LIGHTNER,<br><br>   Plaintiff,<br>v.<br><br>ENTERPRISE RECOVERY SYSTEMS, INC., ARVELL MAC, and JOHN DOE.<br><br>   Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred within the State of North Carolina, Plaintiff resides in North Carolina, and Defendants transact business within the State of North Carolina.

## PARTIES

4. Plaintiff Tonya M. Lightner is a natural person who resides in the City of Charlotte, County of Mecklenburg, State of North Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Enterprise Recovery Systems, Inc. (hereinafter "Defendant ERS") is, upon information and belief, a foreign corporation with a principal place of business in Westchester, Illinois and with a registered agent for service of process at 150 Fayetteville

St., Box 1011 Raleigh, NC 27601 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a third-party servicer of defaulted student loans who is required to comply with the provisions of the Family Federal Educational Loan Program (FFEL), 34 C.F.R. § 682 *et seq.*, in the course of its student loan collection activities.

6. Upon information and belief, Arvell Mac (hereinafter "Defendant Mac") is a natural person employed by Defendant ERS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and may be utilizing one or more false names.

7. Upon information and belief, and in the alternative, Plaintiff was damaged by one or more agents, employees or representatives of Defendant ERS whose John Doe identity is yet to be determined.

## FACTUAL ALLEGATIONS

8. On or around October 18, 2002 and September 12, 2003, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a guaranteed student loan in the approximate amount of $16,861.00, which was used by Plaintiff to attend college.

9. Sometime in or around April 30, 2010, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

### *First Call from Defendants*

10. On or about April 30, 2010, Plaintiff received a call from Defendant Mac and/or Defendant John Doe in an attempt to collect this debt.

11. Defendant Mac and/or Defendant John Doe called Plaintiff at work stating he was calling from Defendant ERS and wanted to set up payment arrangements for Plaintiff's defaulted student loans.

12. Defendant Mac and/or Defendant John Doe threatened to garnish Plaintiff's wages.

13. Plaintiff told Defendant Mac and/or Defendant John Doe that she did not want to receive phone calls at work regarding this matter and that she would return the phone call after work.

### *Second Call to Defendants*

14. On or about April 30, 2010, Plaintiff called ERS and spoke with Defendant Mac and/or Defendant John Doe and discussed entering into a rehabilitation payment program such that Plaintiff could get the student loans out of default status and back into repayment status.

15. The rehabilitation repayment plan was to be nine (9) equal monthly payments, and in a reasonable and affordable amount as prescribed by 34 C.F.R. § 682.405.

16. Defendant Mac and/or Defendant John Doe told Plaintiff that he was required to obtain Plaintiff's checking account number and bank routing number information, to make automatic EFT withdrawals from Plaintiff's personal checking accounts well as to obtain her yearly income in order to set up a rehabilitation repayment agreement.

17. The Family Federal Educational Loan Program (hereinafter "FFEL") does not require that Plaintiff provide postdated EFT checks for establishing a rehabilitation repayment plan, nor does the FFEL require that Plaintiff provide her private banking information to a third-party student loan collector in order to enter into such a rehabilitation plan.

18. At no time did Defendant Mac and/or Defendant John Doe ever discuss Plaintiff's personal expenses, or economic circumstances, in attempting to determining a reasonable and

affordable monthly payment amount to rehabilitate this student loan, and as required by the FFEL, 34 C.F.R. § 682.405.

19. Plaintiff refused to give Defendant Mac and/or Defendant John Doe her private bank account information, because she did not feel comfortable giving her information to him without something in writing stating the rehabilitation repayment terms.

20. Plaintiff agreed to a payment of $185.00 and made the payment some time at or around June 1, 2010.

21. Plaintiff was unable to make any additional payments due to her financial situation; Plaintiff's husband recently lost his ability to provide income to the family.

22. Defendant Mac and/or Defendant John Doe's refusal to allow Plaintiff to enter into a rehabilitation program pursuant to the FFEL, specifically, 34 C.F.R. § 682.405 *et seq.*, without first providing her private bank account information was an unfair, false, and deceptive act in violation of the FFEL and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

*Rehabilitation Repayment Plan Package Received by Mail*

23. Sometime on or about September 20, 2010, Plaintiff received an application package from Defendant ERS to rehabilitate her student loans.

24. The cover letter accompanying the package instructed Plaintiff to send in the completed forms package along with $185.00 in order to start the rehabilitation repayment plan and get Plaintiff's student loans out of default.

25. The Defendants' failure to obtain documentation of Plaintiff's current income, expenses, and other economic circumstances in determining an agreed upon reasonable and affordable

minimum monthly repayment amount was a false and deceptive collection practice, as well as unfair to the Plaintiff, and done in violation of numerous and multiple provisions of the FDCPA including but not to limited to 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

### *Third Call from Defendants*

26. On or about November 9, 2010 at 8:51 a.m., Defendant Mac and/or Defendant John Doe called Plaintiff's phone and informed Plaintiff that she lied to him. Defendant Mac and/or Defendant John Doe informed Plaintiff that if she did not pay, he would contact Plaintiff's HR Department at her place of employment and that Plaintiff would be fired and her paycheck would be garnished in the future.

27. On the same phone conversation of November 9, 2010, Plaintiff asked Defendant Mac and/or Defendant John Doe to speak to his supervisor; thereafter, a Brandon Peterson was put on the phone call. Plaintiff informed Mr. Peterson how she was being treated by Defendant Mac and/or Defendant John Doe Mr. Peterson informed Plaintiff that he was sorry and they would not call anymore since her file was being considered for consolidation.

### *Fourth Call from Defendants*

28. On or about November 9, 2010, Defendant Mac and/or Defendant John Doe called Plaintiff's home phone and spoke to her husband, in this conversation, Defendant Mac and/or Defendant John Doe informed Plaintiff's husband she was in default and that she could lose her job and was getting ready to go into garnishment.

29. This was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692(e)(4), 1692e(5), 1692e(10), and 1692f, amongst others.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. XII, Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

33. As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

# COUNT I.

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692 et seq.

1.  For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

2.  for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

3.  for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

4.  for such other and further relief as may be just and proper.

Dated: February 24, 2010

**s/Benjamin H. Whitley**
NC BAR# 31968
Attorney for Plaintiff
WHITLEY LAW FIRM
2424 Glenwood Ave, Suite 201
Raleigh, NC 27608
Telephone: (919) 785-5000
Facsimile: (919) 785-3729
ben@whitleylawfirm.com

-7-